Pratt, J.
The defendant has been convicted and fined for publishing a libel upon one Edsall, who was a school district trustee of district No. 7, Spring Valley, Rockland county, in writing and sending to the superintendent of public instruction a letter relating to alleged school trouble in the district. It charges, first, that “the district is in great turmoil,” indicating that the president of the board of education (who was the said Edsall) had been attempting to interrupt the workings of the school by trying to annul a contract with one of the teachers who had been hired for a year, on the ground that the teacher had been out of the school for the greater part of one day without permission, and for three more half days when he was sick. The Utter then put the question: “Is this legal ground for *766 the action referred to?” The letter then continued: “He (the trustee) is not through with the work in this direction yet; he thinks, and with good faith, that he can get one or more trustees to act with him, and he then can succeed. Said trustee, it has been discovered, is either a bigamist or else is living with a woman not his wife, by whom he has had five children. He was discharged from the police force of New York city for taking bribes, and graver charges were presented, but sufficient evidence was not forthcoming to sustain the charges. When he was elected the people did not know that these things were probable even. Can this not be sufficient ground for expelling him from the board by you ?” etc.
The court charged the jury that the communication was privileged, and submitted to them the question of express malice. It is conceded that the “teacher,” to whom this letter referred, was the defendant himself. Assuming that the letter was “a privileged communication,” the fact of malice would not have been properly inferred from the mere fact of sending it to the superintendent of public instruction. But the prosecutor did not rest there; he went into the circumstances and relations between Edsall and the defendant, and showed such conduct by the former against the latter as would naturally raise an inference of ill-feeling by the defendant against him (Edsall). Other circumstances appeared which may or may not have excited ill-feeling between them. It was for the jury to say whether or not they did excite such feeling. It was", therefore, a question of fact whether or not ill-feeling did exist on the part of the defendant and toward Edsall, and if that feeling, assuming its existence, was of such nature as to fall within the meaning of the term “malice,” which, for aught we can see, was fairly explained to the jury by the charge.
We are unable to detect .any error in this part of the case.
It is contended, however, that the statement of rules of law, otherwise correct, was presented to the jury in such a confused way as to mislead them in their deliberations. There was, perhaps, a little confusion; but, I think no more than generally results from the effort of astute counsel to secure such limitations and qualifications of a charge as may aid their cause. Insolated passages of the charge might, standing alone, be the subject of criticism, and of what charge may this not be said. A judge, as a rule, is not abler than counsel to state everything at once. On the whole, we think the court in this instance managed to stick quite closely to the principles of law which govern the case, taking the charge all together. The court did not adopt the propositions of the prosecutor to their full extent; *767 on the contrary, the almost uniform qualifications which were annexed to its adoption of these propositions, must have tended strongly to impress the jury with the true and correct rules and principles with respect to which they had been instructed in the body of the charge.
We have examined the other exceptions, and find none of them in which we think the defendant was materially injured.
Upon the whole, we think the defendant was fairly tried, and that the evidence quite sustained the inference of actual malice. There is something in the general tone and flavor of the letter which, taken in connection with the other circumstances of the case, is so little suggestive of simple regal’d for the public good, and so strongly suggestive of enjoyment of the opportunity and method of putting the facts stated, that we are not atoll surprised that the jury found the defendant guilty.
The judgment should be affirmed.
Barnard, P. J., concurs; Dykman, J., dissents.